*Judge Wright
charged the jury:
If the defendant intended to object the want of capacity in the-plaintiffs to sue, he should have pleaded that matter specially, in abatement or bar. He has pleaded the general issue. This admits the capacity of the plaintiffs to sue in the corporate character they have described for themselves. 1 Peters, 386, 450; 4 Peters, 591; 1 Bos. & Pul. 40; 1 Mass. 482, 484; 1 Saund. 340, n. 2.
The ground assumed by the defendant, in the second proposition, must be sustained, if at all, upon strict law; in this equitable action, it is entitled to no favor. The defendant was one of the .trustees of the church, managing its concerns under the corporate powers acquired, or supposed to be acquired under the act of 1819, incorporating religious societies. 17 Ohio L. 120. The purchase was made by order of the trustees, with the means of the1 society. By the same authority it was sold, and the defendant received the money on the authority of an appointment emanating from the same source. The corporation had new powers imparted., to it under the act of February 9, 1827 (25 Local Laws, 85), in which the defendant was one of the trustees. For more than two years after the taking effect of this act, the defendant continued, under its authority, to receive and pay moneys for the corporation, as such. Having become dissatisfied with the government of the church, he seceded, and now seeks to retain the funds which came into his hands under the authority; not upon the ground of error in himself and his co-trustees, in taking the con *263 veyanee of the ground bought with the corporate means, to themselves, individually, instead of the corporation 1 The question,, here, is not one of legal title to the land, but to the money raised by the sale of it; and the simple inquiry, under the issue, is,, whether the defendant, upon the facts disclosed, and the legal assumption taken in his behalf, has a right, in equity and good conscience, to retain the money received by him against the very authority under, and by virtue of which, it came to his hands ? We-think he has not. But if the question did touch the legal right to the land, we are not prepared to say the *law would sustain ■ the defendant’s claim. The “ act securing to religious societies a-perpetuity of title to lands and tenements, conveyed in trust for meeting houses, burying grounds, or residence for preachers,”’ passed on January 3, 1825 (23 Ohio L. 9), provides that such land, not exceeding twenty acres, that had been, or thereafter might be,. conveyed to any person or persons, in trust for the use of any religious society, should descend, in perpetual succession, to such, trustees as should from time to time be appointed by any such religious society, according to its rules, etc. This act was intended to remove all difficulty arising from defective conveyances, and seems to us amply sufficient to effect the object, whether the trust be secret and implied, or expressed in the conveyance. The case in hearing is, we think embraced within its provisions.
It is urged, further, that even if this property were held by the corporation existing before the act of January 9, 1827, no power is given by that act to the present plaintiffs to sue. That act incorporated “ the members of the Methodist Episcopal Church of Cincinnati, for the time being.” Section 4 (25 Local Laws, 86)-provides, “ that all estate, real and personal, now holden and possessed” by the church, be vested in the corporation thereby provided, and empowers the trustees to dispose of it, and to receive-the proceeds for the benefit of the corporation. We are not able-to discover any defect of authority in the plaintiffs under the act.
If this reasoning be correct, it seems fatal to the third objection raised in this defense; because, if this property belonged to the corporation, as such, the individual interest of the defendant or his associates, joint or several, is at an end. The whole interest they have is as corporators, not as individuals. No reasoning-will be required of us to prove that an individual corporator may *264 be made liable at law, to the corporation of which he is a member, in the same way that any other individual would be.
The fourth and last .objection of the defendant presents the inquiry, whether the members of the church, including the defendant, after their secession, retained the corporate' powers of the church from which they seceded ? This assumption *would have rested on more plausible ground if the case made had shown the defendant and his associates, after the separation, holding themselves out as the Methodist Episcopal Church, and exercising under such claim the corporate powers of that church. The conceded points show an entire different state of things. The efforts of the dissatisfied members are not directed, within the church, to effect a reformation in its government and discipline, according to the usage of the society, to conform it to their wishes. They moved off in a body of several hundred, and associated themselves, not as the Methodist Episcopal Church, but, as is now claimed for them in argument, a persecuted body, forced from the church by the intolerable tyranny of its government. The body of persons, thus separated, agreed upon articles of association, differing essentially from the rules governing the Methodist Episcopal Church. By these articles of association they have since conducted their affairs, and, conducted worship as a distinct church, denying all accountability, alike in the spiritual and corporate power of the Methodist Episcopal Church.
In this state of facts it is difficult to perceive the ground on which the claim is now advanced, that they remain the Methodist Episcopal Church. Those remainiug in that church have continued to exercise the corporate functions in conformity with the provisions of the act of incorporation; and against a b'ody who have acted openly upon other principles, and continued so to do until this time, they must be held, in this action, the corporation. The office of treasurer, held by the defendant under the corporation, has expired, and another has been elected to the place, to whom he refused to pay over the money received as treasurer. It is not shown, or pretended even, that the defendant was treasurer when the suit was brought, appointed in any way whatever. We can discern no legal right in him to retain this money.
There was a verdict for the plaintiffs, and judgment, by consent of parties, for the amount, without costs.